Opinion issued February 3, 2005







     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00628-CR




LANCE GERARD BIAGAS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 913949




O P I N I O N
          A jury found Lance Gerard Biagas guilty of the felony offense of theft of
property, aggregated at a total value of over $1,500.00 and under $20,000.00, as
charged in the indictment. The trial court assessed punishment at two years’
confinement, suspended the sentence and placed Biagas on community supervision,
and fined him $500.00. In this appeal, Biagas contends: (1) the evidence is legally
insufficient to support the jury’s verdict; (2) the trial court erred in refusing to permit
him to replace a biased juror; (3) he received ineffective assistance of counsel; (4) the
trial court erred in admitting the trial prosecutor’s affidavit at a hearing on a motion
for new trial; (5) the trial court erred in excluding certain testimony essential to his
defense; and (6) the trial court erred in overruling his motion for a mistrial after the
prosecutor’s improper jury argument. Facts
          Angela Holden, Biagas’s mother, formerly served as Chief Clerk in the office
of Harris County Precinct 7 Constable Perry Wooten. During her employment, Harris
County contracted with A-Temps Corporation to provide temporary workers to staff
various Harris County departments, including the constable’s office. Holden, as a
supervisor in the constable’s office, approved the temporary employees’ time sheets
on behalf of Harris County. Based on the workers’ representations on the time sheets,
and a Harris County supervisor’s signature, the county remitted funds to A-Temps to
pay the temporary workers upon receipt of an invoice. Harris County also paid A-Temps a commission of 15–18% of the total funds paid. 
          Holden assigned several of her relatives, including her son Biagas, to work at
the constable’s office as employees of A-Temps. The relatives, including Biagas,
submitted falsified time sheets for hours they never worked, which Holden approved
as a Harris County supervisor. She then submitted the time sheets to A-Temps. A-Temps forwarded an invoice together with the false time sheets to the Harris County
accounts payable department. Harris County remitted funds to A-Temps for the time
reflected on the time sheets, and a commission, as directed by the Harris County
auditor’s office. Biagas received A-Temps checks payable to him in the amount of
$8,662.68 for time he had never worked. Biagas either cashed and spent the checks
or he deposited them in Holden’s account at the Harris County Federal Credit Union. Legal Sufficiency of the Evidence
          In determining the legal sufficiency of the evidence, we review the evidence
in a light most favorable to the verdict to determine whether any rational fact finder
could have found the essential elements of the criminal offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). Although our
analysis considers all evidence presented at trial, we may not re-weigh the evidence
or substitute our judgment for that of the fact finder. King v. State, 29 S.W. 3d 556,
562 (Tex. Crim. App. 2000).
          Biagas contends that the evidence is legally insufficient to support the jury’s
verdict because the State failed to prove an essential element of felony
theft—ownership. To prove felony theft, the State must prove that a person
unlawfully appropriated property with intent to deprive the owner of the property. 
Tex. Pen. Code Ann. § 31.03(a) (Vernon 2003). Here, the indictment alleged that
Steve Garner, in his capacity as chief assistant auditor for Harris County, was the
owner of the funds. Biagas asserts that Garner and Harris County were not the
“owners” of the money at the time he misappropriated it, and that the county did not
have any right, title, or interest in the funds he received from A-Temps.
          The State responds that Steve Garner and the county possessed the funds at the
time Biagas misappropriated them. The State concedes that although A-Temps “may
have been in possession of the funds after they were appropriated, the corporation had
no right to possession of the funds whatsoever because of appellant’s fraud and
therefore did not have and could not have a greater right to possession of same than
Harris County.”
          The Texas Penal Code defines an owner as a person who “has title to the
property, possession of the property, whether lawful or not, or a greater right to
possession of the property than the actor.” Tex. Pen. Code Ann. § 1.07(a)(35)(A)
(Vernon 2003). Section 1.07(a)(39) defines possession as “actual care, custody,
control, or management.” Tex. Pen. Code Ann. § 1.07(a)(39) (Vernon 2003). Here,
it is undisputed that A-Temps was an independent contractor hired by Harris County
to provide temporary employees to the constable’s office. A-Temps employed
Biagas, who falsified the time sheets for work he did not perform at the constable’s
office. Based upon the verified (but false) time sheets, A-Temps paid Biagas, and
submitted invoices, with the time sheets for supporting documentation, to Harris
County for reimbursement. At trial, Garner conceded that the county did not have
authority or control over A-Temps funds. Harris County personnel, however,
supervised Biagas and approved his payment claims based on time sheets Biagas
falsified and submitted to the county. By falsifying the time records, Biagas caused
the county to release its money to a conduit corporation from which he ultimately
took possession of the funds. Thus, Harris County released funds in its possession
based upon Biagas’s misrepresentation.
          Biagas relies on Bailey v. State, 87 S.W.3d 122 (Tex. Crim. App. 2002), for his
contention that Harris County is not an owner of the funds. In Bailey, the City of
Houston entered into a contract with C & C Services to provide flagmen. Id. at 125. 
The flagmen allegedly submitted false time sheets to the City of Houston. Id. C &
C Services paid the defendants based on their daily time sheets. Id. The City of
Houston later reimbursed C & C Services. Id. The trial court granted the defendants’
motions for directed verdicts because the State had alleged the City as the owner of
the funds, as opposed to the owner of C & C Services. Id. The issue on appeal in
Bailey, however, was whether the State could re-indict the defendants on behalf of
another owner. Id. The facts in Bailey are distinguishable from this case. In Bailey,
an attorney for the City testified during the bench trial that she was not aware of any
conditions in the contracts that would require the city to monitor checks written by
the independent contractor to the workers and the opinion does not indicate that the
defendants ever misrepresented their work directly to the City. Id. Here, the record
shows that Harris County required Biagas and a Harris County supervisor to verify
his work before it would release funds to A-Temps. Thus, Harris County actually
approved the time sheets before A-Temps received payment and issued a check to
Biagas. Such evidence shows that Harris County maintained control over the funds,
and absent Biagas’s misrepresentations, would not have released the funds. 
          Biagas also relies on United States v. Howard, 787 F.Supp. 769, 771 (S.D.
Ohio, 1992) for the proposition that Garner was not the proper owner of the stolen
funds. The Howard court observed that if “the government no longer has supervision
or control over funds or the ultimate use of the funds, and no longer has any
pecuniary interest in the funds, it would grossly distort the English language to call
those funds money . . . of the United States.” Id. In Howard, the court held that the
evidence was insufficient to prove that the federal government was the owner of
social security benefits that had been properly deposited into a personal banking
account. Id. The court noted that the deposits were made correctly, because the
recipient was entitled to the monthly payments and had not defrauded the
government. Rather, the defendant had defrauded the social security recipient. Id. 
In this case, however, Biagas wrongfully submitted false time sheets to both A-Temps
and Harris County, causing Harris County to release the funds.
          Biagas correctly observes in his brief that in Freeman v. State, 707 S.W.2d 597,
603 (Tex. Crim. App. 1986), the Court of Criminal Appeals stated that “the key to
answering the question of which person has the greater right to possession of the
property is who, at the time of commission of the offense, had the greater right to
possession of the property.” The record here shows that Biagas committed the
offense when he forged time sheets and sought and obtained Harris County approval
for compensation to him. See Salazar v. State, 711 S.W.2d 720, 723 (Tex.
App.—Corpus Christ 1986, pet. ref’d) (holding fact that defendant’s conduct caused
owner to part with merchandise was sufficient to show that defendant “exercised
control” over same irrespective of fact that nothing showed defendant actually
received merchandise); see also Freeman, 707 S.W. 2d at 605 (stating that implicit
in meaning of word “appropriation,” when it comes to competing and equal
possessory interests in property, is that accused must have exercised “unauthorized”
control over property).
          Harris County retained control and supervision over the funds absent Biagas’s
false time sheets, which he submitted to Harris County for approval, and thus we hold
that the evidence is legally sufficient to support the jury’s finding that Harris County,
and Garner as its representative, was an owner of the funds for the purposes alleged
in the indictment. We therefore overrule Biagas’s first issue. Replacing a Biased Juror 
          In his second issue, Biagas contends that the trial court erred in refusing to
permit him to replace a biased juror because his counsel believed that he had made
an agreement with the prosecutor to excuse the juror. During the voir dire
examination, Biagas’s counsel asked Juror #38, a Harris County Sheriff’s Deputy,
whether he believed that all law enforcement officers tell the truth at all times. The
juror answered affirmatively. 
          Biagas’s trial counsel never challenged Juror #38 for cause, either during or
after the voir dire examination. Subsequently, both lawyers for the State and Biagas
announced their agreed strikes to the judge on the record. Their discussion did not
include Juror #38. After the clerk empaneled the jury, Biagas’s attorney objected to
the jury as empaneled because it included Juror #38, and moved for a mistrial. He
stated that he believed that Juror #38 had been stricken for cause. The trial judge
denied the motion.
          Biagas contends that the trial court’s refusal to remove a biased juror is an error
of constitutional dimension that warrants the reversal of his conviction. In his brief,
Biagas cites to Hughes v. United States, 258 F.3d 453, 463 (6th Cir. 2001) for the
contention that the “impaneling of a biased juror warrants a new trial.” The State, on
the other hand, maintains that the trial court did not abuse its discretion in denying
Biagas’s request for a mistrial, because a mistrial was not warranted, and Biagas’s
counsel asked for no other relief—not to grant the challenge, or to reseat a different
juror. He also did not request an additional peremptory strike. 
          We review the trial court’s ruling under an abuse of discretion standard. Ladd
v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We agree that the trial court did
not abuse its discretion in denying Biagas’s motion for a mistrial. The record
demonstrates that the jury had not been sworn, the panel from which the jury was
selected was present, and the trial could have acted within its discretion in
considering or granting a challenge for cause, or its equivalent, had such lesser relief
been requested. See Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996)
(observing that mistrials are extreme remedy and should not be granted if less drastic
relief is available). 
          As Biagas acknowledges in his brief, it is the responsibility of the parties to
assure that the empaneled jury does not include a struck juror. Truong v. State, 782
S.W.2d 904, 905 (Tex. App.—Houston 14th Dist.] 1989, pet. ref’d). Biagas relies on
both Truong and Pogue v. State, 553 S.W.2d 368, 370-71 (Tex. Crim. App. 1977), in
support of his position that the trial court should have replaced Juror #38. In Pogue,
however, the Texas Court of Criminal Appeals held that the trial court erred in not
allowing the defendant to use a peremptory challenge on a prospective juror before
the jury was sworn. 553 S.W.2d at 370-71; see also Truong, 782 S.W.2d at 905
(concluding trial court erred in denying defendant peremptory challenges allotted to
him by statute). Here, however, trial counsel moved for a mistrial, and did not seek
additional peremptory challenges to remove Juror #38.
          Biagas further contends that Juror #38s responses indicate he was subject to
a challenge for cause pursuant to article 35.16(c)(2), because he has a bias or
prejudice. See Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (Vernon 1989 & Supp.
2004-2005). He relies on Brown v. State, 925 S.W.2d 1, 5-6 (Tex. App.—Tyler
1994), rev’d, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996), in which the court held
that the trial court erred in refusing to grant a challenge for cause to a juror who was
unable to follow court’s instructions regarding the defendant’s failure to testify. 
However, the Texas Court of Criminal Appeals reversed the judgment and held that
appellate courts were bound to defer to a trial court’s ruling in refusing to grant a
challenge for cause of a venireperson who vacillated between stating that she would
be able to follow the law and stating that she did not know for sure whether she could
follow the law. 913 S.W.2d 577, 580 (Tex. Crim. App. 1996). If a prospective juror
states unequivocally that he would always believe a police officer in every case over
an ordinary citizen, then that could be bias as a matter of law. See Hernandez v.
State, 563 S.W.2d 947, 950 (Tex. Crim. App. 1978). Here, however, the failure of
defense counsel to raise a challenge for cause deprived the trial court of the ability to
assess whether Juror #38 was unequivocally biased. See, e.g., Smith v. State, 907
S.W.2d 522, 531 (Tex. Crim. App. 1995) (holding juror not disqualified as matter of
law, despite his statement that he might believe law enforcement officers over others
because he also stated he would listen to both sides and make his decision based on
facts and circumstances presented). We therefore hold that the trial court did not
abuse its discretion in denying the motion for mistrial and overrule Biagas’s second
issue. Ineffective Assistance of Counsel
          In his third issue, Biagas contends that his trial attorney failed to render
effective assistance of counsel. Biagas contends that his trial counsel was ineffective
because he failed to take steps to ensure that Juror #38 did not sit on the jury. To
prevail on a claim of ineffective assistance of counsel, the defendant must show (1)
his counsel’s performance was deficient; and (2) a reasonable probability exists that
the result of the proceeding would have been different. Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).
          The first prong of Strickland requires the defendant to show that counsel’s
performance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove by a
preponderance of the evidence that his counsel’s representation objectively fell below
professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002).
          The second prong requires the defendant to show a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; see also Thompson, 9
S.W.3d at 812. The Court of Criminal Appeals has observed that the “purpose of this
two-pronged test is to judge whether counsel’s conduct so compromised the proper
functioning of the adversarial process that the trial cannot be said to have produced
a reliable result.” Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); see also
Thompson, 9 S.W.3d at 812-13 (citing McFarland v. State, 845 S.W.2d 824, 843
(Tex. Crim. App. 1992)). A reviewing court must indulge a strong presumption,
however, that counsel’s conduct falls within the wide range of reasonable
professional assistance; that is, the defendant must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial
strategy.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Any allegation of
ineffectiveness must be firmly founded in the record, and the record affirmatively
must demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 813 (citing
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Failure to make
the required showing of either deficient performance or sufficient prejudice defeats
an ineffectiveness claim. Thompson, 9 S.W.3d at 813. 
          Biagas presented his ineffective assistance claim to the trial court in a motion
for new trial. The trial court overruled Biagas’s complaint by denying his motion for 
new trial. We therefore analyze his ineffective assistance of counsel issue as a
challenge to the denial of his motion for new trial. See Charles v. State, 146 S.W.3d
204, 208 (Tex. Crim. App. 2004) (holding appropriate standard of review for
ineffective assistance claim brought forth in motion for new trial is abuse of
discretion); see also Schoenbauer v. State, 85 S.W.3d 400, 402 (Tex. App.—Tyler
2002, no pet.) In such circumstances, we review the Strickland test through an abuse
of discretion standard. Charles, 146 S.W.3d at 208. Thus, we reverse only if the trial
court’s decision is arbitrary or unreasonable, viewing the evidence in the light most
favorable to the ruling. Id.
          At the outset, we note that Biagas’s trial counsel submitted an affidavit at the
hearing on Biagas’s motion for a new trial. In it, trial counsel avers that his failure
to challenge Juror #38 for cause was not part of his trial strategy, but instead was an
oversight on his part. Biagas thus has rebutted the presumption that his trial
counsel’s inaction was a reasonable trial strategy. 
          Biagas contends that the affidavit by his trial counsel cannot be contradicted
by the State and thus the trial court had no option but to grant his motion for new
trial. In Charles, the Texas Court of Criminal Appeals squarely rejected such an
analysis. 146 S.W.3d at 213. The defendant in Charles moved for a new trial based
upon ineffective assistance of counsel grounds. Id. at 207. He offered affidavits that
averred that trial counsel had not conducted any independent investigation into the
voluntariness of the defendant’s confession. The State offered no contrary affidavit,
and thus the defendant contended that the facts were uncontradicted and required a
new trial. Id. at 207-08. 
          The Court of Criminal Appeals disagreed. The court first noted that ambiguous
and conclusory statements are an inherent problem associated with affidavit
evidence—such evidence does not allow the witness to clear up ambiguities, nor for
an examination into the factual basis of a conclusion. Id. at 209-10. Next, the court
held that a court of appeals should presume that all reasonable implied findings that
could be made against the losing party were, indeed, made by the trial court. Id. at
208, 211. Finally, the Court of Criminal Appeals held that a trial judge need not
believe the statements made in an affidavit—rather, the trial court may believe “all,
some, or none of the affidavit, even though it may be difficult (if not impossible) to
assess an affidavit’s credibility.” Id. at 213. 
          Applying the analysis in Charles to this case, we hold that the trial court did
not abuse its discretion in denying Biagas’s motion for new trial based upon
ineffective assistance of counsel. In his affidavit, trial counsel states that he “felt that
[Juror #38] was a biased juror subject to my challenge for cause.” He further states
that he “mistakenly believed that Juror #38 was among those jurors whom both sides
had agreed to excuse by agreement and did not object when the trial judge called out
the numbers of those jurors who were either being challenge [sic] for cause or who
were being excused by agreement.” The affidavit concludes: “My failure to ensure
that [Juror #38] did not serve on this jury given his bias by taking action at a time
when the judge could have corrected my oversight was not the result of any reasoned
trial strategy. I simply made a mistake.”
          The State offered the trial prosecutor’s affidavit, in which she averred that both
sides agreed to strike six jurors, not including Juror #38. In addition, the record
reflects that the trial court struck four other jurors for cause and denied two
challenges for cause. Defense counsel’s strike list does not reflect either a strike for
cause, nor a peremptory challenge to Juror #38. 
          As the Court of Criminal Appeals held in Charles: 
Statements in affidavits of interested witnesses concerning their own
state of mind are “uncontrovertible” because the “mental workings of an
individual’s mind are matters about which adversaries have no
knowledge or ready means of confirming or controverting.” A trial
judge has discretion to discount factual assertions in an affidavit by an
interested party that do not meet this test. And an appellate court, in its
review, must defer to the trial court’s ruling to the extent that any
reasonable view of the record evidence will support that ruling.

146 S.W.3d at 210 (citations omitted).

          Jury selection, in particular, involves strategy. This case involves a theft within
the constable’s office, allegedly organized by a constable’s employee. Juror #38, who
was not challenged, is a peace officer. Defense counsel’s affidavit concludes that his
decision was a mistake, but the trial judge who oversaw voir dire was in a position
to evaluate whether trial counsel’s statement was credible. The trial judge could have
found otherwise, given the agreement as to six other jurors, as well as the fact that
trial counsel did not ask for further examination of the juror, to reseat a different
juror, or for an additional peremptory strike—even after he discovered his error. 
Following Charles, we defer to the trial court’s ruling. Biagas fails to demonstrate
that no reasonable view of the record supports the trial court’s ruling, because the trial
court could have concluded that trial counsel’s affidavit was not credible. See id.
          Even if trial counsel had been deficient, Biagas has not shown that a different
outcome would have resulted from more effective representation. Biagas claims
automatic harm from the presence of a biased juror on the jury, but we cannot reach
such a conclusion here, where the juror was not sufficiently questioned to determine
whether he absolutely should have been excused for cause, because no challenge was
ever made, and counsel never sought to further examine the juror. We therefore hold
that the trial court did not abuse its discretion in denying a new trial based upon
ineffective assistance of counsel. 
Evidentiary Rulings
Prosecutor’s Affidavit
          Rule 21.7 allows a trial court to receive evidence by affidavit at a hearing on
a motion for new trial. Tex. R. App. P. 21.7. In his fourth, fifth, and sixth issues,
Biagas maintains that the trial court erred in admitting the trial prosecutor’s affidavit
at the new trial hearing. He contends that the affidavit is inadmissible under Texas
Disciplinary Rule of Professional Conduct 3.08 and Texas Rules of Evidence 401 and
403. Tex. Disciplinary R. Prof’l Conduct 3.08(a), reprinted in Tex. Gov’t Code
Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. Art. X, § 9).          We review the trial court’s admission or exclusion of evidence under an abuse
of discretion standard. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997); see also Goff v. State, 931 S.W.2d 537, 553 (Tex. Crim. App. 1996). A trial
court has wide discretion in its decision to admit or exclude evidence. Guzman, 955
S.W.2d at 89; Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). A trial
court’s evidentiary ruling should not be disturbed on appeal unless it is an abuse of
discretion. Goff, 931 S.W.2d at 553; Erdman v. State, 861 S.W.2d 890, 893 (Tex.
Crim. App. 1993). If the trial court’s ruling is within the reasonable zone of
disagreement, then an appellate court should not disturb it. Pierre v. State, 2 S.W.3d
439, 442 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (citing Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)).
          Disciplinary Rule 3.08(a) provides that a lawyer shall not continue employment
as an advocate before a tribunal in an adjudicatory proceeding if the lawyer knows
or believes that the lawyer is or may be a witness necessary to establish an essential
fact on behalf of the lawyers’s client. Tex. Disciplinary R. Prof’l Conduct
3.08(a). The rule provides an exception that allows a lawyer to testify if “the
testimony relates to the nature and value of legal services rendered in the case.” Tex.
Disciplinary R. Prof’l Conduct 3.08(a)(3).
          In support of his contention that Rule 3.08 prohibits a prosecutor from
introducing her own affidavit into evidence, Biagas maintains that “the core concern
is the possible confusion for the trier of fact as to whether statements by an advocate-witness should be taken as evidence or argument.” See Gonzalez v. State, 117 S.W.3d
831, 840-41 (Tex. Crim. App. 2003) (holding that disqualification of defendant’s
counsel of choice, based on counsel’s possible dual role as both advocate and witness
with respect to allegations that defendant attempted to bribe State’s key witness, was
warranted). 
          The State responds that: (1) the prosecutor’s affidavit fell within an exception
to rule 3.08; (2) Biagas’s trial counsel also attached an affidavit to his motion for a
new trial; and (3) even if the affidavit violates rule 3.08(a), Biagas has not
demonstrated that the violation affected his substantial rights or deprived him of a fair
trial. See Tex. Disciplinary R. Prof’l Conduct 3.08(a). 
          We agree with the State. The exception to Disciplinary Rule 3.08 allows a
lawyer to testify if “the testimony relates to the nature and value of legal services
rendered in the case.” Tex. Disciplinary R. Prof’l Conduct 3.08(a)(3). The
prosecutor presented her affidavit to the judge at a hearing on the defense’s motion
for new trial—a hearing at which the effectiveness of defense counsel was an issue. 
Unlike Gonzalez, the prosecutor’s affidavit here was offered for the purpose of
demonstrating that Biagas’s trial counsel was neither deficient nor prejudicial, and
did not relate to an issue in the trial. In such an instance, where the affidavit was not
presented to the jury, little likelihood of confusion exists. The trial judge has
firsthand knowledge of the matter in issue, and thus, is less dependent on the
adversary process to test the credibility of the testimony. See Tex. Disciplinary R.
Prof’l Conduct 3.08 cmt. 6.
          Next, Biagas contends that the trial court erred in admitting the prosecutor’s
affidavit over his objection that it is irrelevant under Texas Rules of Evidence 401. 
Evidence is relevant under Rule 401 if it “influences consequential facts, i.e., facts
which have something to do with the ultimate determination of guilt or innocence in
a particular case.” Mayes v. State, 816 S.W.2d 79, 84 (Tex. Crim. App. 1991). 
          Biagas did not expressly direct the trial court to the particular statement within
the affidavit that he asserts was irrelevant on Rule 401 or Rule 403 grounds. Tex. R.
Evid. 401, 403. In the absence of any request to limit the scope of the affidavit, we
will uphold the trial court’s ruling if any of the material in the affidavit is relevant. 
Tex. R. Evid. 105(a). 
          We have reviewed the affidavit, and conclude that, although of limited
relevance, it contains statements that the trial judge could properly consider in
connection with a motion for new trial. For example, it recounts the prosecutor’s
recollection regarding voir dire, and refutes defense counsel’s assertion that an
agreement as to a challenge for cause for Juror #38 existed between the prosecutor
and the defense attorney.
          Finally, Biagas contends that the prosecutor’s affidavit is inadmissible under
Texas Rule of Evidence 403. Evidence is unfairly prejudicial if it has a “tendency to
suggest decision on an improper basis, commonly, though not necessarily, an
emotional one.” See Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App.
1990)(citing Advisory Committee’s Note to Fed. R. Evid. 403). The affidavit
contains speculation that the outcome of this trial would not have been different had
the trial court removed Juror #38, because the jury reached a “swift verdict.” Where
the trial court was the fact finder at the motion for new trial hearing, however, there
is less danger that it would be influenced by improper suggestion. See Tex. R. Evid.
403 (including “misleading the jury” as special ground for exclusion of relevant
evidence). On balance, we conclude that the trial court did not abuse its discretion
in deciding that the probative value of the affidavit was not “substantially
outweighed” by the danger of unfair prejudice. See Tex. R. Evid. 403. 
Excluded Hearsay Testimony
          In his seventh issue, Biagas contends that the trial court erred in excluding the
testimony of Dan McAnulty, an investigator with the Harris County District
Attorney’s office. During cross-examination of McAnulty, Biagas attempted to elicit
a statement that his mother, Angela Holden, made to McAnulty. The record
demonstrates the following exchange: 
DEFENSE COUNSEL: Now, you had several conversations with
Angela Holden, Ms. Holden, during this matter, didn’t you?
 
          MCANULTY: Yes, I did.
 
DEFENSE COUNSEL: Okay. And she told you that Lance Biagas
didn’t know anything about what was going on, did she? 
 
          Biagas contends that Holden’s out-of court statement made to McAnulty is a
statement against her penal interest, which is an exception to the hearsay rule, and
therefore, the trial court should have admitted it. See Tex. R. Evid. 803(24). 
          Rule 803(24) defines a statement against interest as one which, at the time of
its making, so far tended to subject the declarant to criminal liability, that a
reasonable person in the declarant’s position would not have made the statement
unless believing it to be true. Tex. R. Evid. 803(24). In criminal cases, a statement
tending to expose the declarant to criminal liability is not admissible unless
corroborating circumstances clearly indicate the trustworthiness of the statement. Id. 
The rule does not limit the exception to cases in which the defendant is the declarant. 
Bingham v. State, 987 S.W.2d 54, 56 (Tex. Crim. App. 1999). In our review of the
admissibility of Holden’s statement, we determine: (1) whether it tended to expose
her to criminal liability; and (2) whether there were any corroborating circumstances
that clearly indicated its trustworthiness. Davis v. State, 872 S.W.2d 743, 747-48
(Tex. Crim. App. 1994). 
          The State responds that, without more in the record, it is impossible to
determine whether the purported statements of Holden to McAnulty were actually
against her penal interest within the meaning of Rule 803(24). Biagas’s trial counsel
did not make an offer of proof or present a bill of exceptions to the trial court
showing McAnulty’s answer to the question propounded. Furthermore, the State
points out that nothing in the record corroborates Holden’s purported statements. 
          Texas Rule of Evidence 103(a)(2) requires an offer of proof of the proposed
evidence to the trial court, unless the substance is apparent from the context, if the
ruling of the trial court excludes the evidence. Guidry v. State, 9 S.W.3d 133, 153
(Tex. Crim. App. 1999); Gutierrez v. State, 764 S.W.2d 796, 798 (Tex. Crim. App.
1989); Howard v. State, 962 S.W.2d 119, 122 (Tex. App.—Houston [1st Dist.] 1997,
pet. ref’d). An offer of proof must show that the excluded evidence is relevant and
admissible. See Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). 
          We hold that Biagas failed to show the trial court that Holden’s statement was
against her penal interest within the meaning of Rule 803(24). Tex. R. Evid.
803(24). Additionally, no evidence corroborates the trustworthiness of her purported
statements. We conclude that Biagas failed to show that the trial court abused its
discretion in refusing to admit the hearsay evidence.
Excluded Character Evidence
          In his eighth issue, Biagas alleges that the trial court erred in refusing to admit
character evidence supporting his reputation for honesty and trustworthiness. During
his defense, Biagas attempted to elicit testimony from his former employer, Charles
Johnson. After the trial court sustained the State’s relevancy objection, Johnson
testified outside the presence of the jury that Biagas was a reliable employee who
handled large sums of money, and had never stolen anything from him. Johnson also
testified that he was of the opinion Biagas was not the kind of person who would
steal, and based on his experience in working with Biagas, he was of the opinion that
Biagas was honest and trustworthy. 
          Biagas asserts that the testimony of Johnson is admissible under Texas Rule of
Evidence 404(a)(1)(A). We agree that Rule 404(a)(1)(A) allows a criminal defendant
to offer evidence of a pertinent character trait. Tex. R. Evid. 404(a)(1)(A). The
indictment alleges Biagas committed an offense involving moral turpitude, thereby
placing his reputation and character for honesty in issue. See Canto-Deport v. State,
751 S.W.2d 698, 700 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d) (finding trial
court erred, in trial for fraudulent removal of a writing, in refusing to admit evidence
of defendant’s reputation for honesty and fair dealing). 
          The record demonstrates, however, that Biagas failed to sort out the admissible
portions of Johnson’s testimony from the inadmissible portions. Here, part of
Johnson’s testimony involved specific instances of conduct, e.g., that Biagas had
never stolen from him at work. Direct testimony regarding specific instances of
conduct is not admissible under Texas Rules of Evidence 404(a)(1)(A) or 405(b),
because a person’s character trait is not an essential element of a theft charge. See 
Valdez v. State, 2 S.W.3d 518, 519-20 (Tex. App.—Houston [14th Dist.] 1999, pet.
ref’d) (providing that if evidence of accused’s character or character trait is
admissible, proof may be made through reputation or opinion testimony, but specific
instances of conduct are inadmissible to show inference that accused did or did not
commit offense). If a judge is presented with a proffer of evidence containing both
admissible and inadmissible evidence and the proponent fails to segregate and
specifically offer the admissible evidence, the trial judge may properly exclude all the
evidence. Willover v. State, 70 S.W.3d 841, 847 (Tex. Crim. App. 2002). We
therefore hold that the trial judge did not abuse its discretion in refusing to admit the
evidence.
Improper Jury Argument
          In his final issue on appeal, Biagas maintains that “the trial court erred in not
overruling appellant’s objection after the prosecutor improperly referred to
appellant’s failure to testify during final argument in the guilt-innocence stage of
trial.” The record reflects the following exchange: 
DEFENSE COUNSEL: . . . [Appellant] didn’t know what was going on. 
He didn’t have a clue.
Should he be found guilty of a felony because he was doing what he was
told to do? He didn’t know about this elaborate scheme of overtime
sheets with Harris County. 
 
PROSECUTOR: Your Honor, I’m going to object to the defendant has
not testified of him going into what the defendant knew or did not know
[sic].
 
          DEFENSE COUNSEL: Your Honor, I’m going to object to that as–
 
          PROSECUTOR: It’s outside the record is my objection.
 
DEFENSE COUNSEL: Your Honor, I object to that as a comment on
the defendant not testifying; and I move for a mistrial. 
 
          THE COURT: That will be overruled. 
 
          We review the trial court’s ruling on Biagas’s motion for mistrial under an
abuse of discretion standard of review. Wead v. State, 129 S.W.3d 126, 129 (Tex.
Crim. App. 2004); Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We
uphold the trial court’s ruling if that ruling was within the zone of reasonable
disagreement. Wead, 129 S.W.3d at 129; Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990). In addition, an appellate court must review the trial court’s
ruling in light of the arguments that were before the court at the time it ruled. See
Tex. R. App. P. 33.1; Wead, 129 S.W.3d at 129; Dragoo v. State, 96 S.W.3d 308, 313
(Tex. Crim. App. 2003).
          Biagas correctly states that the prosecutor may not use final argument at either
stage of the trial to comment on a defendant’s failure to testify. See Bustamante v.
State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). The law is well settled that a
prosecutor’s comment to the jury on an accused’s failure to testify violates the state
and federal constitutional privileges against self-incrimination. Bird v. State, 527
S.W.2d 891, 893-94 (Tex. Crim. App. 1975). The failure of a defendant to testify
shall not be alluded to or commented on by counsel. See Tex. Code Crim. Proc.
Ann. art. 38.08 (Vernon 1979). 
          Biagas argues that the prosecutor’s objection “amounted to a direct comment
on Appellant’s failure to testify.” He also cites to several cases for the proposition
that improper prosecutorial remarks warrant reversal. See, e.g., Haddad v. State, 860
S.W.2d 947, 954-55 (Tex. App.—Dallas 1993, pet. ref’d)(holding that defendant was
entitled to mistrial due to prosecutor’s comment on organized crime during voir dire
and continued indirect references to organized crime throughout trial); Godfrey v.
State, 859 S.W.2d 583, 584 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (holding
defendant did not receive fair trial due to prosecutor’s misstatement during voir dire 
of the law regarding his right not to testify). The State, on the other hand, responds
that the comment by the prosecutor was not a direct comment on Biagas’s failure to
testify. 
          Although the prosecutor’s remark was improper, the remark does not
demonstrate any willful or calculated effort on the part of the State to deprive Biagas
of a fair and impartial trial. Biagas moved for a mistrial, as opposed to seeking a
limiting instruction. Any harm from the prosecutor’s remark could have been cured
by a prompt instruction to the jury to disregard the comment. See Moore v. State, 999
S.W.2d 385, 405-06 (Tex. Crim. App. 1999) (holding harm from comment upon
defendant’s failure to testify cured by instruction to disregard). Moreover, the jury
charge instructed the jury not to consider the defendant’s failure to testify, and thus
nothing in the record indicates that the trial judge would not have heeded a proper
request to instruct the jury to disregard the comment. The denial of a mistrial is not
improper if a lesser remedy would have cured any harm and was not requested. 
Young v. State, 137 S.W.3d 65, 70-72 (Tex. Crim. App. 2004). We therefore hold
that the trial court did not abuse its discretion in denying Biagas’s motion for a
mistrial.Conclusion
          After reviewing the record, we conclude that (1) the evidence is legally
sufficient to support the jury’s verdict; (2) the trial court did not abuse its discretion
in refusing to permit Biagas to replace Juror #38; (3) the trial court did not err in
denying Biagas’s motion for new trial on the ground that he received ineffective
assistance of counsel at trial; (4) the trial court did not err in admitting the trial
prosecutor’s affidavit at a hearing on the motion for new trial; (5) the trial court did
not err in excluding the hearsay testimony of Angela Holden, or the character
evidence of Charles Johnson; and (6) the trial court did not err in overruling Biagas’s
motion for a mistrial after the prosecutor’s comment on Biagas’s failure to testify.
 
 
 
We therefore affirm the judgment of the trial court.  
 
                                                             Jane Bland
                                                             Justice

 
Panel consists of Justices Taft, Jennings, and Bland.
Publish. Tex. R. App. P. 47.2(b).