**Robert Tran TRUONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–195–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 2, 1989.

Rehearing Denied Dec. 21, 1989. Discretionary Review Refused March 28, 1990.

Stanley G. Schneider, Tom Donald Moran, Houston, for appellant.

Winston E. Cochran, Jr., David Singer, Houston, for appellee.

Before PRESSLER, CANNON and ELLIR, JJ.

OPINION

CANNON, Justice.

Appellant brings six points of error in this appeal from his conviction of criminally negligent homicide. The jury assessed his punishment at one year in the Harris County Jail and a two thousand dollar fine for shooting his wife in the head with a hand gun. The first two points of error address the seating of a juror by the trial court after appellant exercised a peremptory challenge on that juror, and the failure of the court to allow appellant to exercise

all ten of his peremptory challenges. The remaining points of error involve the court's limitation of time allowed for voir dire, the admission of certain hearsay statements, and improper final argument by the prosecutor. As we find error on the first two points, this opinion will focus on the issue of abuse of judicial discretion regarding peremptory strikes. It is not necessary to address the remaining points. We reverse and remand for a new trial.

The first two points of error arise from the trial court's response to a mistaken peremptory strike. Defense counsel marked his peremptory strikes on his jury list by placing a number from one to ten beside the names he wanted to strike. He then finalized the list by drawing a line through each of those names. Unfortunately, he failed to draw the line through the venireman he marked with the number four, Mr. Merle Kelly.

Defense counsel immediately called this mistake to the attention of the judge when Mr. Kelly's name was called as the fifth juror. The trial judge denied defense counsel's request to correct the mistake and continued calling the remainder of the jury to the box over defense counsel's objections. The jury was sworn and the remainder of the panel was excused. After the basic instructions were given to the jury, they were also excused.

 The rule is well established that it is the responsibility of the parties to assure that the jury impaneled does not include a juror that has been struck. The caselaw provides that the party must object before the panel is sworn, or else show that the juror was otherwise disqualified because of prejudice toward the appellant. *Anderson v. State*, 142 Tex.Crim. 384, 154 S.W.2d 482, 483 (1941); *Pogue v. State*, 553 S.W.2d 368, 369 (Tex.Crim.App.1977). If there is an error that is called to the court's attention before the jury is sworn, and the error is not cured, automatic reversal is required. *Pogue*, at 370–71.

██ In *Pogue*, a mistake was made by the court clerk in naming the members of the jury. Prior to the jury being sworn, the defense counsel alerted the court that a person whom he had struck was impaneled, but the jury was sworn and the trial proceeded. The Court of Criminal Appeals found that it was reversible error for the trial court to allow that juror to serve. The Court also held that the defendant did not have the burden of showing that the improperly impaneled juror was prejudiced against him or that he was injured by that juror's presence on the jury, as this would in effect "... deny appellant the right to the peremptory challenges afforded by law." *Pogue*, at 370–71.

The important factor of *Pogue* was not who made the mistake which resulted in the presence of that particular juror, but when the mistake was brought to the attention of the court, thus focusing on the diligence of the defense counsel in discovering the mistake and alerting the trial court. Any time prior to the jury being sworn was sufficiently diligent. *Id.* at 370. Here the appellant notified the court of the mistake instantaneously upon hearing Mr. Kelly's name called for the jury. The court declined to grant the defense objection.

Appellee contends that the *Pogue* analysis would not apply in this instance of a mistake by the defense counsel in marking their jury list. We disagree, as the Court of Criminal Appeals has held that the trial court abuses its discretion by refusing to allow the defense to correct a mistake in peremptory strikes. *Perez v. State*, 171 Tex.Crim. 505, 351 S.W.2d 234, 235 (1961).

In the instant case, the trial court denied the defendant the peremptory challenges allotted to him by statute in Tex.Code Crim. Pro.Ann. art. 35.15(b). The defense counsel indicated to the court the ten veniremen the defense wanted struck, but due to his failure to draw a line through Mr. Kelly's name, the court allowed him only nine. The mistake could have been easily cured while the jury was still being called to the box. The trial court erred when it declined to excuse Mr. Kelly and call the next qualified juror on the list. Accordingly, we reverse and remand for a new trial.