Cleval Antonio JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–91–00300–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 5, 1992.

Discretionary Review Refused
June 3, 1992.

Allen C. Isbell, Houston, for appellant.

Andrea F. Lopes, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a conviction for aggravated robbery. The jury found appellant guilty and assessed punishment at 15 years confinement and a $5000 fine. Raising four points of error, appellant asserts that the trial court erred in denying him the opportunity to correct a mistake in his peremptory strikes and it erred by calling a recess during the direct testimony of one of the state's witnesses. We affirm.

■ In point of error number one, appellant contends that the trial judge committed reversible error in allowing a juror to sit on the panel whom the defense had intended to strike. The record reveals that after the voir dire examination, each side submitted to the court its list of strikes pursuant to TEX.CODE CRIM.PROC.ANN. art. 35.26 (Vernon 1989). Right after the court clerk named the twelve jurors to sit on the panel, the defense attorney noticed that he had allegedly made an error in the exercise of appellant's peremptory challenges. The defense attorney stated to the trial judge

that he accidentally struck juror No. 22, when he had intended to strike juror No. 12. The trial judge denied defense counsel's request to correct the mistake and swore the jury in and the remainder of the panel was excused.

 It is well settled that it is the responsibility of the parties to assure that the jury impaneled does not include a juror that has been struck. *Truong v. State*, 782 S.W.2d 904 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). The party must object before the panel is sworn, or else show that the juror was otherwise disqualified because of prejudice toward the appellant. *Id.* If the court is notified of the error before the jury is sworn and the error is not corrected, automatic reversal is required. *Pogue v. State*, 553 S.W.2d 368 (Tex.Crim.App.1977); *Truong*, 782 S.W.2d at 905.

Appellant relies upon *Pogue* in urging that reversible error was committed by allowing juror No. 12 to be seated on the jury. In *Pogue*, the defense attorney clearly indicated on the jury list submitted to the clerk which persons he intended to strike, however the clerk made a mistake in naming the members of the jury. Prior to the jury being sworn, the defense counsel alerted the court that a person whom he had struck was impaneled, but the jury was sworn and the trial proceeded. The Court of Criminal Appeals concluded that the court's failure to allow defendant's peremptory challenge to the juror in question was reversible error.

Another case cited by appellant in support of his position that the trial court erred in refusing to replace juror No. 12 with juror No. 22 is *Truong v. State*, 782 S.W.2d 904 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). In *Truong*, defense counsel marked his peremptory strikes on his jury list by placing a number from one to ten beside the names he wanted to strike. He then finalized the list by drawing a line through each of those names; however, he failed to draw a line through one of his peremptory strikes. We decided that the trial court erred when it declined to correct the defendant's peremptory challenges.

The distinguishing factor between the present case and the cases appellant relies upon is that the record before us now presents no evidence of a mistake in the exercise of appellant's peremptory challenges. In *Pogue*, the record indicated that the defense counsel struck the particular person called by the clerk to serve on the jury. In *Truong*, defense counsel's mistake in failing to strike a particular juror was supported in the record by the fact that he had placed a number by all the individuals upon whom he desired to exercise a peremptory challenge and the end result was that appellant was denied one of his ten peremptory challenges. In this case, other than defense counsel's mere assertions that he made a mistake in failing to strike a particular person, we find no evidence in the record supporting such a claim. To allow appellant to change his peremptory strikes by merely making a bare claim of mistake, unsupported by anything in the record, after having had the opportunity to determine what members of the jury were struck by the state, would lead to an inequitable situation. Appellant's first point of error is overruled.

 In points of error 2, 3 and 4 appellant argues that the trial court erred in calling a recess during the direct testimony of Delisa Shaw and in suggesting that the prosecutor consult with her witness before continuing the direct examination. Specifically, appellant claims that the trial court abused its discretion and that such conduct violated appellant's rights under the sixth amendment and leads to reversible error. We need not discuss the merit of these arguments because appellant failed to preserve anything for review. In order to preserve error, an objection must be timely and must call the attention of the trial court to the particular complaint raised on appeal. *Ranson v. State*, 707 S.W.2d 96 (Tex.Crim.App.1986). When the trial court called for the recess, there was no objection by appellant. Thus, when an objection is not timely made and there is no good reason for the absence of the objection,

error is waived. *Stone v. State,* 583 S.W.2d 410 (Tex.Crim.App.1979). Appellant's written objection filed two days after the recess is insufficient to preserve error. An objection made after the evidence has been admitted is untimely and insufficient to preserve error. *Rodriguez v. State,* 577 S.W.2d 491 (Tex.Crim.App.1979); *Short v. State,* 681 S.W.2d 652 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Appellant's points of error two through four are overruled.