Opinion issued April 3, 2008








                   





     




In The
Court of Appeals
For The
First District of Texas




NOS. 01-07-00304-CR
          01-07-00305-CR




ROY HURD BURR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause Nos. 1013858 & 1052448




MEMORANDUM OPINION

          In two separate indictments, appellant, Roy Hurd Burr, was charged with the
felony offense of arson (cause number 1013858), to which appellant pleaded not
guilty, and the felony offense of aggravated assault against a family member (cause
number 1052448), to which appellant pleaded guilty. These offenses were enhanced
by a prior felony conviction for burglary of a habitation, to which appellant pleaded
“true.” The primary offenses were consolidated as arising out of the same criminal
episode and tried together before a jury.


 The jury found appellant guilty as charged
in each indictment. The trial court found the enhancement paragraph true and
assessed punishment in each cause at confinement for life, to be served concurrently. 
          In appealing both convictions, appellant presents three issues. In his first issue,
appellant contends that the trial court erred by allowing a portion of voir dire to be
conducted in appellant’s absence. In his second issue, appellant contends that the
trial court erred when it “swore in and impaneled stricken juror number 12 and failed
to swear in and impanel juror number 6.” Finally, in his third issue, appellant
contends that his counsel was ineffective for failing to object to the impaneling of
number 12 on the jury and for failing to object to the exclusion of number 6.
          We affirm both judgments.
 
Background
          Only those facts necessary to the disposition of the issues in this appeal are
presented. 
          Appellant was present in the courtroom when voir dire began in the trial. 
During the morning break, however, appellant requested the trial court’s permission
to absent himself from the remainder of the trial proceedings, which the trial court
granted, as follows:
          [Counsel]:              Mr. Burr, if you will listen, sir. Listen to me. I’m
talking to you. Mr. Burr, we’re on a break from jury
selection. You understand that?



          [Appellant]:           Yes.
          [Counsel]:              You were taken back to the hold over and we’ve had
a conversation about several things; is that right?
          [Appellant]:           Yes.
          [Counsel]:              One of the things you raised with me was whether or
not you had to be present in the courtroom during
this proceeding picking the jury. Listen. And also
do you have to be present in the courtroom during
the course of the trial. Did you ask me that
question?
          [Appellant]:           Yes, I asked you that.
          [Counsel]:              Then you said to me your preference would be that
you not have to be out here for any more of the
proceedings with regards to this case.
          [Appellant]:           I did say that.
          [Counsel]:              Is that your desire not to be present, certainly for the
balance of today? You don’t want to be out here
today for the rest of today?
          [Appellant]:           The rest of today or any more time.
          . . . . 
          The Court:             Mr. Burr, I would prefer to address [whether you are
present] tomorrow tomorrow. Okay. In case you
change your mind. That’s all. But today if you
prefer not to be part of the process that’s okay with
us. 
          . . . . 
          [Counsel]:              You have an absolute right to be out here in the
courtroom, to go through this process.
          [Appellant]:           I don’t want to be. 
          The Court:             And you are voluntarily saying—no one has forced
you, making any suggestions to you, told you maybe 
you should not be out here?
          [Appellant]:           I asked you. I didn’t want to be here.
          . . . . 
          The Court:             Let the record reflect based upon the remarks of
some of the panel members and Mr. Burr’s
demeanor—and in the event he decides to
participate in the trial, whether it’s by sitting here in
the courtroom, that could be before the jury. 
          (Prospective juror panel returns.)
 
          The Court:             . . . As you may notice, we are proceeding at this
juncture and Mr. Burr is not in the courtroom. The
law allows someone to voluntarily absent
themselves from the proceedings. They are informed
that they have a right, of course, to be here, which he
does. And they voluntarily want to waive that right.
I want to make sure everybody understands that
that’s what the law is. The reporter’s record reflects that, at the close of voir dire, the trial court
announced a list of venire members, by number, who had been struck by agreement
between the State and the defense. The trial court included member number 12. The
clerk’s record reflects that number 12 was not struck from the jury list of either the
State or the defense. 

          The reporter’s record does not reflect any discussion during voir dire 
concerning venire member number six. The State’s jury list in the clerk’s record
reflects a notation of “struck” next to number six. Appellant’s jury list does not
indicate that six was struck. The record before us does not contain the final,
independent list of jurors. On March 28, 2007, the jurors were sworn in without
objection. 

          When trial began the next day, appellant returned to the courtroom to enter his
pleas, then requested that he be permitted to return to the jail while the proceedings
were conducted. The trial court granted his request.

 
 
Jury Composition

          In his second issue, appellant contends that “[t]he trial court erred when it
swore in and impaneled stricken juror number 12 and failed to swear in and impanel
juror number 6.”

          The accused in a criminal trial has a constitutional right to a fair trial by an
impartial jury. U.S. Const. amend. VI; Tex. Const. art. 1, § 10; Sanchez v. State,
165 S.W.3d 707, 711 n.5 (Tex. Crim. App. 2005). However, this constitutional right
is not violated by every error in the selection of a jury. Jones v. State, 982 S.W.2d
386, 391 (Tex. Crim. App. 1998). The erroneous exclusion of a venire member calls
for reversal only if the record shows that the error deprived the defendant of a
lawfully constituted jury. Id. at 394.

          It is well-settled that it is the responsibility of the parties to assure that the jury
impaneled does not include a juror that has been struck. Biagas v. State, 177 S.W.3d
161, 169 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d) (citing Truong v. State,
782 S.W.2d 904, 905 (Tex. App.—Houston [14th Dist.] 1989, pet. ref’d)). The party
must object before the panel is sworn or show that the juror was otherwise
disqualified. Truong, 782 S.W.2d at 905.

          Here, appellant contends that venire member number 12 was struck by
agreement and that the trial court orally pronounced that number 12 was struck, but
that the trial court then erroneously impaneled number 12 on the jury. Appellant
contends that the “swearing in and impaneling [of] struck juror number 12 forced
Appellant to try [the] case before an objectionable juror who had been stricken from
the panel.” 

          The clerk’s record reflects that appellant did not strike number 12 on his jury
list. In addition, the record shows that the State noted on its list that it counted
number 12 as juror number 5. The record does not show that appellant challenged
number 12, and the final list of jurors is not in the record.

          As the State contends, what is clear is that the record does not show that
appellant objected to a seating of number 12 before the jury was sworn. To preserve
error, appellant is required to show that he objected before the jury was sworn or
show that the venire member is otherwise disqualified. See id. Indeed, in his third
issue in this appeal, appellant concedes that no objection was made. Further, having
examined the record, we do not find any evidence that venire member number 12 was
statutorily disqualified from jury service, had demonstrated bias, or was otherwise
subject to challenge for cause. We presume that jurors are qualified absent some
indication in the record to the contrary. See Ford v. State, 73 S.W.3d 923, 925 (Tex.
Crim. App. 2002). We conclude that any error in this regard is waived. See Tex. R.
App. P. 33.1.

          Appellant next contends that venire member number six had not been struck
by appellant or the State and therefore should have served on the jury, but did not.
Appellant contends that the erroneous failure to impanel venire member number six
altered the make-up of the jury and therefore the “conviction rendered by the jury so
selected cannot be held to reflect the result of a fair trial by an impartial jury.”

          The record does not support appellant’s contention. The State’s jury list
contained in the clerk’s record reflects a notation of “struck” next to venire member
number six. Hence, the trial court’s exclusion of number six was not erroneous. 
Moreover, a defendant does not have a right to the presence of a particular person on
the jury. See Ford, 73 S.W.3d at 925 (citing Jones v. State, 982 S.W.2d 386, 393
(Tex. Crim. App. 1998) (explaining that defendant’s right goes to those who serve,
not to those who are excused)). 

          Accordingly, appellant’s second issue is overruled.

Absence from Voir Dire

          In his first issue, appellant contends that the trial court erred by allowing a
portion of voir dire to be conducted in appellant’s absence. 

          The United States Constitution requires “that a criminal defendant who is
threatened with loss of liberty be physically present at all phases of proceedings
against him, . . . absent a waiver of that right through defendant’s own conduct.” U.S.
Const. amend VI; Miller v. State, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985). A
defendant may choose to voluntarily absent himself once his trial has commenced.
See Taylor v. United States, 414 U.S. 17, 18–19, 94 S. Ct. 194, 195–96 (1973);
Miller, 692 S.W.2d at 90–91; Tracy v. State, 14 S.W.3d 820, 826 (Tex. App.—Dallas
2000, pet. ref’d). Under the federal rules, a trial “commences” from the time that “the
work of impaneling jurors begins.” Miller, 692 S.W.2d at 90–91.

          Under Texas Code of Criminal Procedure article 33.03, a defendant’s right to
be present at trial is unwaivable through certain stages of trial. See id. at 91; see also
Scott v. State, No. 01-00-01401-CR, 2001 WL 1512894, *3 (Tex. App.—Houston
[1st Dist.] Nov. 29, 2001, pet. dism’d) (mem. op.) (not designated for publication).
Article 33.03 provides, in pertinent part, as follows: 

In all prosecutions for felonies, the defendant must be personally present
at the trial, . . . provided, however, that in all cases, when the defendant
voluntarily absents himself after pleading to the indictment or
information, or after the jury has been selected when trial is before a
jury, the trial may proceed to its conclusion. When the record in the
appellate court shows that the defendant was present at the
commencement, or any portion of the trial, it shall be presumed in the
absence of all evidence in the record to the contrary that he was present
during the whole trial.

 
Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 2006).      Hence, when trial is before
a jury, as here, a defendant may waive his presence only after the jury is selected. See
id.; Miller, 692 S.W.2d at 91. “A jury has been ‘selected’ for purposes of article 33.03
when the parties have handed in their respective jury lists, with the peremptory
challenges noted thereon.” Id. at 93.

          Here, appellant contends that his rights under article 33.03 were violated
because he was not present when the jury was selected.

          The record shows that appellant was present on the first morning of voir dire. 
During that time, the trial court advised the venire on the presumption of innocence, 
the State’s burden, and the role of the jury. Members of the venire were polled
concerning whether their ability to be fair might be prejudiced by appellant’s failure
to testify. In addition, the trial court heard proffered excuses from jury service. 

          As presented above, the record reflects that, during the morning break from
voir dire, appellant requested the trial court’s permission to absent himself from the
remainder of the proceedings. Appellant’s counsel questioned appellant on the record
concerning his election not to be present. After admonishing appellant concerning
his rights, the trial court granted appellant’s request. 

          When voir dire resumed, the trial court instructed the venire on the laws of
mental competency and insanity. The State explained the elements of assault, the
concept of bodily injury under the law, deadly weapons, and circumstantial evidence. 
In addition, the State polled the jurors concerning their personal feelings on these
topics. Defense counsel then polled the jury concerning various potential prejudices. 
Finally, the trial court announced those members of the venire who were excused by
agreement between the defense and the State, and the individual strike lists were
submitted.

          The record shows that appellant was absent from voir dire before the jury lists
were submitted. Hence, appellant was not present in the courtroom through the point
at which the jury was selected, which constitutes statutory error. See Tex. Code
Crim. Proc. Ann. art 33.03; Miller, 692 S.W.2d at 90–91; Tracy, 14 S.W.3d at
826–27 (finding statutory error when defendant was present at beginning of voir dire
but voluntarily left to go to doctor and did not return until after jury had been selected
and sworn). 

          We will not reverse for a violation of article 33.03, however, unless we
determine that the error affected a substantial right. Tex. R. App. P. 44.2(b); Tracy,
14 S.W.3d at 827 (finding violation of article 33.03 to be statutory and applying rule
44.2(b)). A substantial right is affected when the error (1) had a “substantial and
injurious” effect or influence in determining the jury’s verdict or (2) leaves one in
grave doubt concerning whether it had such an effect. Tracy, 14 S.W.3d at 827. A
substantial right is not affected and the error is harmless if, after reviewing the entire
record, we determine the error did not influence, or had only a slight influence, on the
trial’s outcome. Id. 

          Here, appellant’s right was to be present during the entire voir dire, which
would have, in theory, allowed him to assist defense counsel in the exercise of
peremptory challenges. See id. Appellant contends that he was harmed because
venire member number 12 had been struck by agreement, but was mistakenly
impaneled, and because number 6 had not been struck by either side, but was not
impaneled. Appellant contends that, because he was “presumed to be competent at
trial, he may have been able to spot the two juror errors and aid his attorney in
preventing this error.” 

          First, as discussed above, the record does not show that the presence of venire
member number 12 or the absence of venire member number six constituted error. 
More importantly, nothing in the record before us shows that the jury selected in
appellant’s absence was unfair or impartial. See Gray v. State, 233 S.W.3d 295,
298–99 (Tex. Crim. App. 2007) (concluding that appellant’s only substantial right is
that jurors who serve be qualified); Ladd v. State, 3 S.W.3d 547, 562 (Tex. Crim.
App. 1999) (holding no violation of substantial rights occurred during voir dire where
record did not show that defendant was denied fair and impartial trial). We conclude
that the error of appellant’s absence during voir dire did not affect a substantial right. 
See Tex. R. App. P. 44.2(b); Tracy, 14 S.W.3d at 827. Hence, we disregard the error.

 
          Moreover, as the State contends, appellant invited the error of which he now
complains. See Garcia v. State, 919 S.W.2d 370, 393–94 (Tex. Crim. App. 1994).

          Accordingly, appellant’s first issue is overruled.

Ineffective Assistance of Counsel

          In his third issue, appellant contends he “was denied effective assistance of
counsel during jury selection for failing to object to the seating of prospective juror
number 12.” 

          To prove ineffective assistance of counsel, appellant must show that (1)
counsel’s performance fell below an objective standard of reasonableness and (2), but
for counsel’s unprofessional error, there is a reasonable probability that the result of
the proceeding would have been different. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim.
App. 2005); Chambers v. State, 903 S.W.2d 21, 33 n.16 (Tex. Crim. App. 1995)
(applying Strickland standard to claim of ineffective assistance arising from error in
voir dire). “Reasonable probability” means a “probability sufficient to undermine
confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

          Appellant must prove ineffective assistance by a preponderance of the evidence
and must overcome the strong presumption that counsel’s conduct falls within the
wide range of reasonably professional assistance or might reasonably be considered
sound trial strategy. Robertson v. State, 187 S.W.3d 475, 482–83 (Tex. Crim. App.
2006); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). A failure to make a showing under either prong defeats a claim for ineffective
assistance. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

          We consider the totality of the representation and consider its adequacy as
viewed at the time of trial, not through hindsight. Robertson, 187 S.W.3d at 483. 
Isolated instances of errors of commission or omission will not render counsel’s
performance ineffective. Id.

          Allegations of ineffectiveness must be firmly founded in the record. Bone v.
State, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002). Generally, the record on
appeal is undeveloped, and a silent record that provides no explanation for counsel’s
actions will not overcome the strong presumption of reasonable assistance. Rylander,
101 S.W.3d at 110–11. When the record is silent, we may not speculate to find trial
counsel ineffective. Gamble, 916 S.W.2d at 93.

          Here, even if it was improper to impanel number 12, the record is silent
concerning appellant’s trial counsel’s reasons for not objecting to the seating of
number 12. Appellant did not file a motion for new trial, in which trial counsel’s
reasons could have been developed in the record. Appellant contends that even
though a motion for new trial was not filed, the record on its face is sufficient to show
that his trial counsel was ineffective for failing to object because no strategy could
account for the failure to object. We disagree. See, e.g., Castaneda v. State, No. 05-99-00123-CR, 2000 WL 792391, *2 (Tex. App.—Dallas June 21, 2000, pet. ref’d)
(mem. op.) (not designated for publication) (recognizing that counsel may have
deemed erroneous dismissal of venire member to be beneficial to defendant and
refusing to find counsel ineffective on silent record).

          To find trial counsel ineffective based on the asserted grounds herein would
call for speculation, which we will not do. See Gamble, 916 S.W.2d at 93. Without
testimony by trial counsel, we cannot meaningfully address his reasons for not
objecting. Accordingly, we hold that appellant has not satisfied the first prong of
Strickland. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.

          Accordingly, appellant’s third issue is overruled.

Conclusion

          We affirm the judgment of the trial court.



 
                                                             Laura Carter Higley 

                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).