**AFFIRMED and Opinion Filed April 1, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00920-CV**

**MICHAEL A. MITCHELL, Appellant**
**V.**
**ALEXIS RUCHELLE SOLCHENBERGER, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-08604**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Carlyle

Michael A. Mitchell appeals from the trial court's judgment in favor of Alexis Ruchelle Solchenberger following a jury trial. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Mr. Mitchell sued Ms. Solchenberger for injuries suffered in a car crash. Ms. Solchenberger was driving behind Mr. Mitchell on I-35 when a car stopped suddenly in front of Mr. Mitchell. Mr. Mitchell testified he had to "stand on [his] brakes a little bit and luckily missed the lady in front of" him. But Ms. Solchenberger was not as fortunate. She testified that she was traveling with the flow of traffic at or below the

speed limit, and although she tried to brake after Mr. Mitchell stopped suddenly, she could not stop in time and rear-ended him. When asked if she should have been "looking out [her] windshield better" to avoid hitting Mr. Mitchell, she said no, explaining that he had stopped so suddenly, and she could not see any traffic stopped in front of them because they had just come off a hill and there was "bit of a dip in the road." The jury concluded by a 10–2 vote that neither Mr. Mitchell nor Ms. Solchenberger were negligent in causing the accident, and the trial court ultimately entered a take-nothing judgment consistent with the verdict.

On appeal, Mr. Mitchell first contends the trial court erred by improperly seating a juror—Alex Del Gadillo—against whom he had exercised a peremptory challenge. It appears from the record that Mr. Mitchell submitted a strike sheet after voir dire listing Mr. Del Gadillo as among the venire members he wished to strike from the jury using peremptory challenges. Nevertheless, the record is also clear that the trial court announced it had seated Mr. Del Gadillo on the jury before trial began, and the trial court specifically asked Mr. Mitchell if he had any objections to the jury's final composition. Mr. Mitchell confirmed that he had no objections. And he waited until after he received an unfavorable verdict to bring the peremptory challenge issue to the trial court's attention. By failing to timely object, Mr. Mitchell waived any error. *See* TEX. R. APP. P. 31.1; *Hallett v. Houston Nw. Med. Ctr.*, 689 S.W.2d 888, 889–90 (Tex. 1985) (holding that an error concerning a challenged juror was waived by not timely bringing it to the trial court's attention, stating that a "party

–2–

cannot wait until the trial is finished, then seek to reverse an unfavorable verdict by complaining of an error which the trial court could have corrected had it been timely informed of the error"); *see also Truong v. State*, 782 S.W.2d 904, 905 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) ("The rule is well established that it is the responsibility of the parties to assure that the jury impaneled does not include a juror that has been struck.").

Mr. Mitchell next argues the trial court erred by providing inferential rebuttal instructions on unavoidable accident and sudden emergency. We review a trial court's decision to include an instruction for abuse of discretion. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex.2006). "A trial court does not abuse its discretion in submitting an instruction if there is any support in the evidence for it." *Banks v. Columbia Hosp. at Med. City Dallas Subsidiary, L.P.*, 233 S.W.3d 64, 70 (Tex. App.—Dallas 2007, pet. denied).

An unavoidable accident instruction is proper if there is evidence that the accident "was proximately caused by a condition or circumstance beyond the control of any party." *Id.* The instruction typically "applies to causes such as fog, snow, sleet, wet or slick pavement, or obstruction of view." *Hill v. Winn Dixie Tex., Inc.*, 849 S.W.2d 802, 803 (Tex. 1992) (internal quotations omitted). Here, Ms. Solchenberger testified that her view of the stopped traffic ahead was obstructed because she had just come off a hill and there was a "dip in the road." This provides at least some evidence supporting an unavoidable accident instruction. *See, e.g., Harris v.*

*Vazquez*, No. 03-07-00245-CV, 2008 WL 2309179, at *4 (Tex. App.—Austin June 5, 2008, no pet.) (mem. op.) (defendant's testimony that his view was obstructed supported unavoidable accident instruction).

Mr. Mitchell argues that Ms. Solchenberger's testimony alone cannot support an unavoidable accident instruction because it "is against the greater weight and preponderance of the evidence presented at trial," citing conflicting evidence and a case addressing factual-sufficiency challenges. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). But evidence need not be factually sufficient to support an inferential rebuttal instruction; rather, the proper inquiry is whether *any* evidence supports it. *See Banks*, 233 S.W.3d at 70 (explaining that an instruction is not an abuse of discretion "if there is any support in the evidence for it"); *Wisenbarger v. Gonzales Warm Springs Rehab. Hosp., Inc.*, 789 S.W.2d 688, 692 (Tex. App.— Corpus Christi–Edinburg 1990, writ denied) (noting that "factual sufficiency of the evidence has no bearing on whether an instruction should be submitted").

Regardless, any error in providing an unavoidable accident instruction "is ordinarily harmless," given that the instruction merely "explains to the jury that they are not required to find someone at fault." *Bed, Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006). The jury was charged with determining whether Ms. Solchenberger proximately caused the accident by failing to use ordinary care. "Proof that the defendant's vehicle rear-ended the plaintiff's vehicle does not establish negligence as a matter of law." *Yedlapalli v. Jaldu*, No. 05-20-00531-CV,

2022 WL 2314406, at *3 (Tex. App.—Dallas June 28, 2022, no pet.). Rather, "the plaintiff must prove that the defendant's specific acts were negligent, and that they proximately caused the plaintiff's damages." *Id.*

The jury heard evidence that before the accident, Ms. Solchenberger drove with the flow of traffic at or below the speed limit, maintained the "usual distance" behind the traffic in front of her, and paid appropriate attention. Ms. Solchenberger further testified that, although she applied her brakes, she could not avoid Mr. Mitchell because he stopped so abruptly. The jury also heard Mr. Mitchell testify that he had to "stand on [his] brakes" due to another motorist stopping suddenly and "luckily" avoided the car in front of him. The jury was free to conclude from the evidence that neither Ms. Solchenberger nor Mr. Mitchell failed to use ordinary care with respect to the accident. *See id.* at *7 (It "is neither impossible nor automatically invalid for a jury to determine that neither driver in a rear-end accident committed negligence." (quoting *Gaskey v. One Source Sec. & Found*, No. 14-07-00850-CV, 2009 WL 7047692, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2009, no pet.) (mem. op.)). Nothing in the record suggests the jury came to an improper conclusion based on the unavoidable accident instruction. *See Urista*, 211 S.W.3d at 759 (When "considering the entire record in this case, which provides no clear indication that the instruction probably caused the rendition of an improper verdict, we must conclude that the trial court's submission of the instruction was harmless."); *see also*

–5–

TEX. R. APP. P. 44.1(a) (error reversible only if it probably caused the rendition of an improper judgment or prevented appellant from properly presenting appeal).

We likewise reject Mr. Mitchell's assertion that the trial court reversibly erred by providing a sudden emergency instruction. A sudden emergency instruction is appropriate if the evidence raises a fact issue as to whether: (1) an emergency situation arose suddenly and unexpectedly; (2) the defendant's negligence did not proximately cause the emergency situation; and (3) after the emergency situation arose, the defendant acted as a person of ordinary prudence would have acted. *Jordan v. Sava, Inc.*, 222 S.W.3d 840, 847 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "An emergency situation may arise from a vehicle's sudden and unexpected conduct," *Dodson v. Munoz*, No. 04-17-00409-CV, 2018 WL 3747748, at *4 (Tex. App.—San Antonio Aug. 8, 2018, no pet.) (mem. op.), which may include a car stopping suddenly in front of the defendant. *See, e.g.*, *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998) (per curiam); *Francis v. Cogdell*, 803 S.W.2d 868, 871 (Tex.App.—Houston [1st Dist.] 1991, no writ).

As discussed above, there was conflicting evidence as to whether the accident occurred because Ms. Solchenberger failed to exercise ordinary care or whether it occurred because another car stopped suddenly and unexpectedly in front of both Mr. Mitchell and Ms. Solchenberger. Because the evidence created fact issues as to each sudden emergency element, the trial court did not abuse its discretion by providing the instruction. *See, e.g.*, *Dodson*, 2018 WL 3747748, at *4 (trial court

–6–

was within its discretion to provide sudden emergency instruction where evidence conflicted as to whether defendant caused accident by failing to control speed or whether plaintiff's sudden and unexpected actions prevented defendant from stopping in time).

Mr. Mitchell next argues the trial court reversibly erred by providing an erroneous predicate to jury question number 3 concerning damages, which he contends confused the jury. Mr. Mitchell neither specifies the objectionable language nor explains how the purported error in the damages question, which he acknowledges the trial court corrected in response to a question the jury asked during deliberations, caused him reversible harm in light of the jury's conclusion that Ms. Solchenberger was not negligent. Regardless, Mr. Mitchell waived any error because he did not object to the predicate to question number 3 before the trial court provided the charge to the jury. *See* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 272, 274; *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003).

We affirm the trial court's judgment.

/Cory L. Carlyle/

220920f.p05
CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL A. MITCHELL,
Appellant

No. 05-22-00920-CV        V.

ALEXIS RUCHELLE
SOLCHENBERGER, Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-08604.
Opinion delivered by Justice Carlyle.
Justices Goldstein and Breedlove
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ALEXIS RUCHELLE SOLCHENBERGER recover her costs of this appeal from appellant MICHAEL A. MITCHELL.

Judgment entered this 1st day of April, 2024.